UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Ricky L. Orr, ) C/A No. 9:12-1706-SB-BM
)
         Plaintiff, )
)
vs. ) **REPORT AND RECOMMENDATION**
)
Resi Whole Loan IV, LLC; American Home )
Mortgage Service Inc.; Homeward Residential )
Inc; United Country Marshland Realty; Judi )
Judge; and Bill Judge, )
)
         Defendants. )
_____ )

       Plaintiff, Ricky L. Orr ("Plaintiff"), proceeding *pro se*, brings this civil action against the Defendants, seeking injunctive relief and monetary damages. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

       Section 1915 permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.



§1915(e)(2)(B)(i), (ii), (iii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Further, although this court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980) (per curiam), the mandated liberal construction afforded *pro se* pleadings does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## BACKGROUND

Plaintiff asserts three claims in his Complaint: (1) "Extortion and Foreclosure Fraud and violating plaintiffs Fourteenth Amendment rights to equal protection and defamation of character"; (2) "Violating UCC Code Article 9 Securitization of a copy of the promissary note" (3) "Violating the Protecting Tenants at Foreclosure Act Title VII 123 Statute 1660 Public Law 111-22-May 20, 2009, Harassment, Brivery [sic], and violating a court order." *See* Complaint, Jurisdiction & Venue, III. Statement of Claim, Claim One, Claim Two, Claim Three; ECF No. 1, p. 1, 4, 6, 11. Along with his Complaint, Plaintiff has also filed copies of several documents from a state court foreclosure action concerning property owned by Plaintiff and located at 20 Knollwood Lane, Beaufort, SC 29907. The state court foreclosure action was filed against Plaintiff in the Beaufort County Court of Common Pleas on February 11, 2011. *See* ECF No. 1-5. The state court foreclosure action is captioned "Resi Whole Loan IV, LLC, Plaintiff vs. Ricky L. Orr, Defendant, Docket No. 2011-CP-07-685." *Id.*



Plaintiff's filing in the instant case includes a pleading entitled "Federal Question Statute of Fraud," dated June 18, 2012, which purports to be a "Notice of Removal Amendment IX Complaint 'At Law,'" of this state court foreclosure action. Plaintiff apparently filed an earlier version of this removal notice in the state court foreclosure action, on May 1, 2012. However, under 28 U.S.C. § 1446(b), removal of the state court foreclosure action to this Court is not proper, based on alleged federal question jurisdiction, because more than 30 days have passed since Plaintiff was served with the state-court lawsuit. Removal to this Court on the basis of diversity jurisdiction is also not proper, under 28 U.S.C. § 1446(b), because the state court action was filed more than one year ago. Moreover, according to the Beaufort County Fourteenth Judicial Circuit Public Index, a judgment of foreclosure was entered against Plaintiff in the state court action on March 16, 2012. *See* http://publicindex.sccourts.org/beaufort/publicindex/PISearch.aspx (last visited July 25, 2012).[1] Sale of the subject property and a deficiency judgment were sought in the foreclosure action and the Beaufort County Master-in-Equity to whom the case was referred apparently ordered that the property be sold on June 4, 2012. [2]

**DISCUSSION**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."

---

[1] This Court can take judicial notice of Plaintiff's related state-court proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] A previous state court foreclosure action, 2009-CP-07-528, was filed against Plaintiff by Citimortgage, on February 6, 2009, and a judgment of foreclosure was entered in that case on August 6, 2009. That judgment was vacated, without prejudice, and that foreclosure action was dismissed on February 25, 2010.



*In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. V. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. V. Kelly*, 160 U.S. 337 (1895). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may [still] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). Here, however, a plain reading of the Complaint reveals no basis for federal jurisdiction over Plaintiff's claims.

Generally, a case can be originally filed in a federal district court only if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity of citizenship" under 28 U.S.C.



§ 1332. There is clearly no basis for a finding of diversity jurisdiction over this Complaint, as the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between –
>
>     (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554-55 (2005); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16. Hence, this Court has no diversity jurisdiction under 28 U.S.C. § 1332 in this case because Plaintiff is a citizen and resident of Beaufort County, South Carolina; Defendants Judi Judge and Bill Judge are citizens and residents of Beaufort County, South Carolina; and Defendant United Country Marshland Realty is a South Carolina corporation, with its principal place of business in Beaufort County, South Carolina. *See* ECF No. 1, p. 3.

    It is also clear that the essential allegations contained in Plaintiff's Complaint are insufficient to establish a cause of action for violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983, which would constitute "federal question" jurisdiction, pursuant to 28 U.S.C. § 1331. Not a source of substantive rights itself, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.



*See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). However, in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961).

Because the United States Constitution regulates only the government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes "state action." *See, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar*, 457 U.S. at 936-37; *see U. S. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen Helpers of Am., AFL-CIO*, 941 F.2d 1292 (2d Cir.1991). Although many factors may be considered in determining whether state action is present, *Mentavlos v. Anderson*, 249 F.3d 301, 311-12 (4th Cir. 2001), no single factor is determinative, and the "totality of the circumstances" must be evaluated. *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 343 (4th Cir. 2000).

Here, Plaintiff's Complaint makes no allegation that the Defendants, who are private entities and private citizens, acted under color of state law. While a private individual or entity who

6



jointly participates in alleged constitutional wrongdoing with a state or local official may be said to have engaged in "state action" which meets the requirement of § 1983, in order to state a cognizable claim that private parties, such as the Defendants named in this case, jointly participated with state actors to violate Plaintiff's constitutional rights, Plaintiff must allege: (1) some type of conspiracy, agreement, or concerted action between the state and the private party; (2) that the state and private party shared common goals; and, (3) conduct pursuant to the conspiracy, agreement, or concerted action that violated Plaintiff's federally protected rights. *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Plaintiff's Complaint makes no allegations that the Defendants jointly participated with the any state agency or state actor to injure Plaintiff. The mere initiation of a state court civil action by private individuals or entities does not constitute "state action" within the meaning of § 1983. In short, assuming the truth of all of the allegations in Plaintiff's Complaint, the Complaint fails to allege any facts that could be liberally construed to show that the Defendants are state actors, themselves, or that they jointly participated with any state actors to violate Plaintiff's constitutional rights. Accordingly, under 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint fails to state a claim on which relief can be granted by this Court, because the Complaint fails to show that the Defendants acted "under color of state law," within the meaning of § 1983, to injure Plaintiff.

In addition, the essence of Plaintiff's Complaint is that the Defendants engaged in fraudulent acts in connection with Plaintiff's state court foreclosure action, or that the integrity of the state court action was compromised, or that Plaintiff's federal and state rights were violated by procedural or substantive errors procured by Defendants, or that Defendants' conduct violated legitimate state court rulings, orders, or final judgments in the recently concluded case. However, as to any challenges Plaintiff means to make to final judgments entered in his state court proceedings,

7



the *Rooker-Feldman* Doctrine bars such challenges. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As to any challenges Plaintiff intends to make to still-pending state court civil litigation, *i.e.* Plaintiff's claims that Defendants Judi Judge, Bill Judge, and United Country Marshland Realty violated the Protecting Tenants at Foreclosure Act and a state court order, the *Younger* Abstention Doctrine counsels against considering them. *See Younger v. Harris*, 401 U.S. 37 (1971); *Neal v. Wilson*, 112 F.3d 351, 356 (8th Cir.1997) (explaining that "to the extent that any portion of [the] complaint survived the jurisdictional bar of the *Rooker-Feldman* Doctrine, the district court correctly ruled that *Younger* abstention was warranted").[3]

To the extent Plaintiff claims he was injured by alleged erroneous proceedings and rulings made in the Beaufort County Fourteenth Judicial Court of Common Pleas of the State of South Carolina, such rulings cannot be reviewed or set aside by the United States District Court for the District of South Carolina. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462. This prohibition on review of state court orders by federal district courts is implicated when to rule in favor of the plaintiff on his claims in connection with state court proceedings would, necessarily, require the federal court to overrule (or otherwise find invalid) various orders and rulings made in the state court. Such a result is prohibited under the *Rooker-Feldman* Doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293–94 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712,

---

[3]These doctrines may be raised by the Court *sua sponte*. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n. 5 (4th Cir.1997); *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10 (1976). The *Rooker-Feldman* Doctrine is jurisdictional. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir.2003).



719–20 (4th Cir.2006); *Chapman v. South Carolina Dept. of Corrections*, 2012 WL 1895932, at *5 (D.S.C. May 1, 2012).

Plaintiff's factual allegations invite a quintessential application of the *Rooker-Feldman* Doctrine barring cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 283. Plaintiff lost his state court foreclosure proceeding and, by his own admission, a judgment of foreclosure was entered against him. Now, both expressly and by implication, he seeks "a declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States," as well as monetary damages. *See* ECF No. 1, p. 12. Appeals of state court decisions, however, must be pursued through the state appellate courts and then directly to the United States Supreme Court. Under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. While Plaintiff's Complaint attempts to frame the facts of the instant case as violations of various constitutional amendments and 42 U.S.C. §1983, it does not present any general challenge to the constitutionality of a South Carolina procedural rule or statute, as is an exception to the doctrine. *See Feldman*, 460 U.S. at 486. To the contrary, Plaintiff contends that the alleged constitutional violations arose from the state court's failure to enforce rules and statutes in the context of his foreclosure proceeding, or from Defendants' fraudulent actions in the proceeding. Thus, this Court lacks "jurisdiction under the *Rooker-Feldman* Doctrine to consider [the] complaint because his federal claims are inextricably intertwined with his state case." *See Neal*, 112 F.3d at 356.



Finally, as indicated above, the undersigned reads the Complaint as concerning past and final litigation. Plaintiff does not suggest otherwise. In the event that he represents differently on objection to this District Court, however, it is further recommended that the Court should abstain from interfering with any still-pending/ongoing litigation, pursuant to the *Younger* Abstention Doctrine, by not considering his federal case, here. In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.1996). The *Younger* Doctrine has been extended to cases involving state civil and administrative proceedings. *See Trainor v. Hernandez*, 431 U.S. 434 (1977) (civil litigation where the state is a party); *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (civil litigation between private parties); *Middlesex County Ethics Committe v. Garden State Bar Association*, 457 U.S. 423 (1982) (state administrative proceedings); *Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir.2006). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County*, 457 U.S. at 432). Here, assuming that state litigation is ongoing, serious state interests would have been implicated in the enforcement of state policy embodied in its rules and statutes; *see Trainor v. Hernandez*, 431 U.S. at 444; and there is no indication or allegation that normal appeals or objection processes available in state and administrative proceedings are unavailable to vindicate Plaintiff's federal concerns. Plaintiff would bear the burden of showing such unavailability. *See Lebbos v. Judges of Superior*



*Court*, 883 F.2d 810, 815 (9th Cir.1989).  Accordingly, the Court should decline to hear any claims concerning any pending state court case as well.[4]

**RECOMMENDATION**

Accordingly, it is recommended that the Court dismiss the Complaint in this case, without prejudice and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 3, 2012
Charleston, South Carolina

---

[4]  There is some authority that a federal court should stay claims for money damages during the pendency of civil actions in state court, as opposed to dismissal of those claims which are for equitable relief.  *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).  If in fact a state case is still pending, as an alternative, a district court might elect to stay any damages claims concerning it.  This would produce a strange result, however, insofar as the final judgment in any now-pending case would seem to only then implicate *Rooker-Feldman*.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636 (b) (1); Fed. R. Civ. P. 72 (b); *see* Fed. R. Civ. P. 6 (a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636 (b) (1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

